UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VERNON NUNNERY,

                    Petitioner,                    Case No. 1:11-cv-1294

v.                                              Honorable Robert Holmes Bell

MICHIGAN PAROLE BOARD,

                    Respondent.
_____/


## OPINION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Respondent is immune from suit and because the petition fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF).  Following a jury trial in Kalamazoo County, Petitioner was found guilty of armed robbery, MICH. COMP. LAWS § 750.529, and felony-firearm, MICH. COMP. LAWS § 750.227b.  On August 5, 1985, Petitioner was sentenced as a habitual offender, MICH. COMP. LAWS § 769.11, to a prison term of 25 to 60 years for the armed-robbery conviction and 2 years for the felony-firearm conviction.[1]

In support of his petition, Petitioner states the following:

> I am entitled to this parole[.] [I]t has been 15 months s[i]nce the time I entered the MPRI Program and the[y] are intention[]ally [d]elaying my [r]elease with [d]iscrimination that because I have been locked up 31 years in prison I can just be overlook[ed] and treated [discriminatorily] against and not treated or processed in the program for[] release like everyone [else.] I want my parole as soon as immediately is the word available for[] my [r]elease. . . . This is a . . . violation of the 8th Amendment of the U.S. Constitution.

(Pet. 5-6, docket #1, Page ID#4-5.)

According to documents attached to the petition, the Michigan Parole Board notified Petitioner that he would be granted parole pending an investigation and approval of a placement plan.  (MDOC Parole Bd. Notice of Decision (09/15/2011), docket #1-1, Page ID#8.)  The notice indicated that "[m]isconduct, security reclassification or other adverse information may result in suspension of this parole action."  (*Id.* at Page ID#10.)  On October 26, 2011, the parole board

---

[1]The petition also refers to a 1979 conviction for breaking-and-entering (Pet. 2, docket #1, Page ID#1), but according to the MDOC's Offender Tracking Information System, Petitioner was discharged from two such convictions in 1986.  *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=158134.

suspended its prior decision based on "new information from the facility received after granting

parole."[2]  (MDOC Parole Bd. Notice of Decision (10/26/2011), docket #1-1, Page ID#11.)

## Discussion

### I.  Sovereign Immunity

Petitioner has named the Michigan Parole Board as the Respondent, not any one or

more of the individual members of the board. The Michigan Parole Board is part of the Michigan

Department of Corrections. MICH. COMP. LAWS § 791.231a(1). Regardless of the form of relief

requested, the states and their departments are immune under the Eleventh Amendment from suit

in the federal courts, unless the state has waived immunity or Congress has expressly abrogated

Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465

U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d

823, 826 (6th Cir. 1994).  Congress has not expressly abrogated Eleventh Amendment immunity by

statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to

suit in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  Therefore, the Michigan

Parole Board, as part of the Michigan Department of Corrections, is immune from injunctive and

monetary relief.  *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (Michigan Parole

Board entitled to Eleventh Amendment immunity); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 492

(6th Cir. 2004) (same); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) (same).

---

[2]The notice indicates that the new information is attached, though it is not clear whether that information is included in the documents filed by Petitioner.

## II. Failure to raise a meritorious claim.

Even if Petitioner has named the proper Respondent to his action, his claims would fail. Under § 2254, the Court may grant relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The Michigan Parole Board's decision to delay or deny Petitioner's early release on parole does not, in itself, implicate a federal right. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a protected interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a protected liberty interest in parole. The Sixth Circuit recently reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393 (6th Cir. 2011). *See Crump*, 657 F.3d at 404. In addition, the Michigan Supreme Court has recognized that there exists no constitutionally-protected interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Until Petitioner has served his maximum sentence, therefore, he has no reasonable expectation of release on parole. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442

-4-

U.S. at 11 (quoted in *Crump*, 657 F.3d at 405). Therefore, Petitioner's asserted entitlement to release on parole does not, in itself, raise a meritorious federal claim.

Petitioner contends that the parole board discriminated against him. Petitioner's habeas petition, liberally construed, arguably raises an equal protection claim. The Equal Protection Clause of the Fourteenth Amendment "protects against arbitrary classifications, and requires that similarly situated persons be treated equally." *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Parole is not a fundamental right and Petitioner does not suggest that he is a member of a suspect class. Prisoners are not a suspect class for equal protection purposes. *See Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005); *Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir. 1998). Because neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)). To prove an equal protection claim, Petitioner must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Petitioner apparently contends that his parole was delayed or denied because he has been in prison for a long time. There is, however, no support for his claim that the parole board's decision rested on the length of time that Petitioner has already served. Moreover, he offers no support for an equal protection claim, i.e. that he was intentionally treated differently from other similarly-situated prisoners, and that any difference in treatment was arbitrary or irrational. In sum, Petitioner's equal protection claim fails because it is purely conclusory.

Finally, Petitioner asserts that the decision by the parole board violates his rights under the Eighth Amendment. The denial of parole does not implicate the Eighth Amendment, however. *See Carnes v. Engler*, 76 F. App'x 79, 81 (6th Cir. 2003) ("The Eighth Amendment prohibits conduct that involves the unnecessary and wanton infliction of pain. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The denial of parole clearly does not fall under this umbrella.") Thus, the parole board's decision to delay or deny Petitioner's release on parole does not raise a meritorious Eighth Amendment claim.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because Respondent is immune from suit and the petition fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

   The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Date:    <u>January 5, 2012</u>                                  /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE